UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-22131-CIV-KING

SEGUROS UNIVERSALES, S.A., FIANZAS
UNIVERSALES, S.A. d/b/a ASEGURADORA
FIDELIS, S.A., and ORDENADORES, S.A.,

       Plaintiffs,

vs.

MICROSOFT CORPORATION,

       Defendant.
_____/

## FINAL ORDER OF DISMISSAL

**THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss First Amended Complaint for Damages and Injunctive Relief (the "Motion") (DE 18), filed on September 20. 2013. The Court, having heard oral argument on the Motion,[1] and being otherwise fully advised,[2] finds that the Motion must be granted.

## I. INTRODUCTION

In the Motion, Defendant argues that Plaintiffs' First Amended Complaint (the "Complaint"), (DE 13), filed on August 26, 2013, ought to be dismissed based on, *inter alia*, the doctrine of *forum non conveniens* and principles of international comity. As the Court is in agreement with Defendant that this action should be dismissed based on *forum non conveniens*, the Court declines to address the various other grounds for dismissal raised in the Motion.

---

[1] The Court heard several hours of oral argument on the Motion on June 17, 2014.
[2] The Court has also considered Plaintiffs' Response in Opposition to Defendant's Motion (DE 45), filed on May 15, 2014, and Defendant's Reply in Support (DE 50), filed on May 30, 2014.

## II. BACKGROUND

The three-count Complaint states claims against Microsoft Corporation ("Microsoft") for violation of 18 U.S.C. § 1964 (the "Racketeer Influenced Corrupt Organizations Act" or "RICO"), fraud, and unjust enrichment. DE 13. Plaintiffs are three related Guatemalan corporations whose business offices occupy seven stories of a prominent commercial building located at 7-73 Fourth Street (Zone Nine) in Guatemala City, Guatemala. *Id.*, ¶¶ 8-10, 36. Plaintiff Seguros Universales, S.A. ("Seguros") is the fourth largest insurance company in Guatemala by revenues; Plaintiff Fianzas Universales, S.A. ("Fianzas"), an affiliate of Seguros, is the second largest surety company in Guatemala by revenues; and Plaintiff Ordenadores, S.A. ("Ordenadores"), an affiliate of both Seguros and Fianzas, is the provider of internal information and telecommunications services to Seguros and Fianzas, as well as the title-holder of Seguros and Fianzas' computer servers. *Id.* Defendant Microsoft is a corporation organized and existing under the laws of the state of Washington, with headquarters in Redmond, Washington.

In sum, the Complaint alleges that Microsoft, Microsoft de Guatemala, S.A. ("Microsoft Guatemala"), and a third co-conspirator, Business Software Alliance ("BSA"), colluded to provide false information in tandem to a Guatemalan special prosecutor in order to obtain a fraudulently-procured seizure order against Plaintiffs from the Guatemalan courts.[3] *Id.*, ¶¶ 18-35. Then, armed with the seizure order, and with Guatemalan law enforcement officers in tow, Microsoft appeared at Plaintiffs' place of business at 7-73 Fourth Street (Zone Nine) in Guatemala City, Guatemala and "proceeded to extort Plaintiffs by demanding an on the spot

---

[3] Microsoft filed a criminal complaint in Guatemala requesting the issuance of, and ultimately received, an *ex parte* seizure order authorizing the immediate seizure or confiscation of any computer equipment and/or media on which unlicensed copies of Microsoft software was found at the building located at 7-73 Fourth Street (Zone Nine) in Guatemala City, Guatemala. *See* DE 13, Ex. A.

agreement to pay [$70,000] or Microsoft would remove all of Plaintiffs' servers containing ALL of Plaintiffs' data and operational software [sic]." *Id.*, ¶¶ 36-37.

Plaintiffs allege that the seizure order, which was executed on Plaintiffs on April 27, 2012, was procured as a result of, *inter alia*, the following series of frauds upon the Guatemalan courts and/or attorney general: 1) in its complaint requesting the seizure order, Microsoft misrepresented to the Guatemalan attorney general "that [Microsoft] had conducted a reasonable investigation [which uncovered] Plaintiffs' copyright infringement," 2) Microsoft knowingly directed BSA to misrepresent to the Guatemalan attorney general that BSA's review of Microsoft's sales records did not reflect volume purchases of Microsoft's software which Plaintiff was using, and 3) Microsoft knowingly submitted the fraudulent testimony of a licensed software expert, who testified that Plaintiffs were operating unlicensed software, in support of its request for the seizure order. Plaintiffs allege that each of the above representations was fraudulent, because Plaintiffs "have documented valid licenses for at least 98% of their Microsoft software." *See id.*, ¶¶ 18-35.

The Complaint further alleges that Microsoft directed and coordinated this plan to defraud the Guatemalan justice system, and to extort Plaintiffs, from the United States. *See id.*, ¶ 63. Thus, the allegations purport to state claims against Microsoft for its operation of a "worldwide criminal enterprise to wrongfully extort monies from innocent licensees under the guise of Microsoft's worldwide intellectual property enforcement programs." *Id.*, ¶ 51 Based on these allegations, Plaintiffs filed the instant action in the Southern District of Florida.

### III. APPLICABLE LAW

"The doctrine of *forum non conveniens* 'authorizes a trial court to decline to exercise its jurisdiction, even though the court has venue, where it appears that the convenience of the parties

and the court, and the interests of justice indicate that the action should be tried in another forum.'" *Ford v. Brown*, 319 F.3d 1302, 1306-07 (11th Cir. 2003) (citing *Sibaja v. Dow Chem. Co.*, 757 F.2d 1215, 1218 (11th Cir. 1985)). In considering a motion for dismissal on grounds of *forum non conveniens*:

> As a prerequisite, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case. Next, the trial judge must consider all relevant factors of *private* interest, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice. If the trial judge finds this balance of private interests to be in equipoise or near equipoise, he must then determine whether or not factors of *public* interest tip the balance in favor of a trial in a foreign forum.

*La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983) (citing *Pain v. United Techs. Corp.*, 637 F.2d 775, 784-85 (D.C. Cir. 1980) (emphasis in original)). In *Gilbert*, the Supreme Court explained the factors to be considered in balancing the public and private interests, as follows:

> An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, "vex," "harass," or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

> Factors of public interest also have a place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law

that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (Jackson, J.).

The Eleventh Circuit has also provided "additional glosses" on the *forum non conveniens* doctrine of which this Court must be mindful:

> For example, we recently concluded that "the bias towards the plaintiff's choice of forum is much less pronounced when the plaintiff is not an American resident or citizen." *Esfeld v. Costa Crociere, S.P.A.*, 289 F.3d 1300, 1312 n.15 (11th Cir. 2002). In that same case, we maintained that "foreign relations are implicated in the forum non conveniens calculus." *Id.* at 1313. Thus, "federal courts necessarily must analyze the interest that the foreign country has in the dispute, an analysis that may raise issues of international comity." *Id.* We also recently emphasized the importance of the choice-of-law factor, concluding that it is "[f]ar better that the case be tried [in a foreign country] by one or more jurists as familiar with [foreign] law as we are unfamiliar with it." *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1430 (11th Cir. 2002). Finally, we described the procedure district courts must typically follow when they dismiss a case on forum non conveniens grounds: "In order to avoid unnecessary prejudice to [plaintiffs]," the district court can attach conditions to a dismissal with which the defendants must agree. *Id.* at 1430. In *Magnin*, for example, we observed that "the defendants agreed to submit to the jurisdiction of the French court, waive any statute of limitations or jurisdictional defenses, and satisfy any final judgment." *Id.*

*Ford*, 319 F.3d at 1307 (Tjoflat, J.). Thus, the Eleventh Circuit holds that a *forum non conveniens* dismissal is not appropriate unless:

> (1) the trial court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case, including all of the parties;
> (2) the trial court finds that all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice;
> (3) if the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and
> (4) the trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice.

*Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1290 (11th Cir. 2009) (citing *Del Campo Bacardi v. de Lindzon*, 845 So. 2d 33, 36 n.1 (Fla. 2002)).

5

## IV. DISCUSSION

Defendant moves to dismiss Plaintiffs' action based on the doctrine of *forum non conveniens* and principles of international comity. Plaintiffs argue that their choice of forum should not be disturbed because Defendant has waived its ability to raise a *forum non conveniens* argument by failing to raise the argument in its first Motion to Dismiss, (DE 10). Plaintiffs also argue that Defendant has failed to carry its burden of proving that Guatemala is an adequate alternate forum or that the private and public interest factors weigh in favor of disturbing Plaintiffs' choice of forum. Finally, Plaintiffs assert that principles of international comity are not implicated by this action as there is neither a pending foreign action between the parties to which this Court should defer nor does this action constitute a challenge to any foreign judgment or order. Plaintiffs' arguments miss the mark.

### A. Defendant's *Forum Non Conveniens* Argument Has Not Been Waived

Plaintiffs contend that the Motion must be denied because Microsoft waived its ability to raise a *forum non conveniens* argument by failing to raise it in their initial motion for dismissal based on Rule 12 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. Rule 12(h)(1)(B)(A) ("A party waives any defense listed in Rule 12(b)(2)-(5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); . . . ."); *see also* Fed R. Civ. P. Rule 12(g)(2)("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."). However, "[u]nlike objections to venue or personal jurisdiction, an objection on *forum non conveniens* grounds is not waived by a defendant failing to raise the issue in its first responsive pleading." *Yavuz v. 61 MM, Ltd.*, 576 F.3d 1166, 1173 (10th Cir. 2009).[4]

---

[4] While the Eleventh Circuit has not addressed this issue as directly as the Tenth Circuit in

Accordingly, the Court finds that Defendant did not waive its argument for dismissal based on *forum non conveniens* by failing to raise it in the first responsive pleading.

### B. Whether This Action Should Be Tried In Another Forum

The Court will now analyze whether this action should be dismissed based on the four requirements laid out by the Eleventh Circuit in *Aldana*. *See* Part III *supra*.

#### 1. Whether Guatemala Is An Adequate Alternate Forum

The first step in determining the appropriateness of a *forum non conveniens* dismissal is to determine whether an "adequate alternate forum exists which possesses jurisdiction over the whole case." *Aldana*. This question is actually a two-part inquiry; the Court must determine whether the alternate forum is "available" and "adequate." *Leon v. Million Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001). The only requirement for a forum to be "available" is that the foreign forum be able to assert jurisdiction over the action to be dismissed. *Id.*; *Lisa, S.A. v. Gutierrez Mayorga*, 441 F. Supp. 2d 1233, 1236-37 (S.D. Fla. 2006) (finding "available" prong was satisfied where "defendant is amenable to process in the other jurisdiction"), *aff'd*, 240 F. App'x. 822, 823-24 (11th Cir. 2007). The only requirement for a forum to be "adequate" is that it be able to grant *some* meaningful remedy. *See Aldana*, 578 F.3d at 1290. Indeed, the Eleventh Circuit has held, "it is only in 'rare circumstances' where 'the remedy offered by the other forum

---

*Yavuz*, several opinions affirming dismissals based on *forum non conveniens* at extremely late stages of litigation implicitly establish that a *forum non conveniens* argument is not waived by a failure to raise it in the first responsive pleading. *Cf. Yavuz*, 576 F.3d at 1173; *see, e.g.,* Aldana v. Del Monte Fresh Produce N.A., Inc., 578 F.3d 1283, 1296-97 (11th Cir. 2009) (affirming district court's dismissal of an action that had been pending for six years based on *forum non conveniens* and citing Wright & Miller's Federal Practice and Procedure (3d. Ed. 2008) for the proposition that "there is generally no time limit on when a motion to dismiss for *forum non conveniens* must be made, which differentiates it from the time limits on a motion to dismiss for improper venue"); *see also* Sigalas v. Lido Mar., Inc., 776 F.2d 1512, 1520 (11th Cir. 1985) (affirming district court's *forum non conveniens* dismissal at the pre-trial conference stage, "after lengthy discovery when [the case] was ready to be tried on the merits").

is clearly unsatisfactory,' that the alternative forum may be regarded as inadequate." *Id.* (quoting *Satz v. McDonnell Douglas Corp.*, 244 F.3d 1279, 1283 (11th Cir. 2001). Moreover, adequacy of forum does not require the availability of identical causes of action. *See Republic of Panama v. BCCI Holdings, S.A.*, 119 F.3d 935, 952 (11th Cir. 1997) ("[A] plaintiff's inability to assert a RICO claim in the foreign forum does not preclude *forum non conveniens* dismissal.") (emphasis added).

The "availability" prong is easily satisfied in this case because Defendant has agreed to stipulate to the jurisdiction of the Guatemalan courts for the purpose of defending itself against any claim for relief Plaintiffs may assert in that forum. DE 18 at 12. Likewise, the "adequacy" prong, which is generally not an impediment in any event, is no impediment in this case because it is undisputed that Plaintiffs can bring a claim for damages in Guatemala based on Defendant's alleged conduct. *See generally* Skinner-Klee Decl, DE 18-2; *see also Aldana*, 578 F.3d at 1290-92 (finding Guatemala was an adequate alternate forum); *see also Lisa*, 441 F. Supp. 2d at 1237-38 (same). Plaintiffs counter that Guatemala is not an adequate forum based on the unavailability of a RICO cause of action in that forum, and because, despite Defendant's offer to stipulate to the jurisdiction of the Guatemalan courts, Defendant has not yet agreed to waive any statute of limitations defenses which may be available to it. Plaintiffs' arguments, while accurate, are no obstruction to this Court's ability to enter a *forum non conveniens* dismissal. As noted above, the unavailability of a cause of action under RICO does not render a forum inadequate. Furthermore, it is soundly within this Court's discretion to attach conditions to a dismissal, and, in addition to requiring Defendant to submit to the jurisdiction of a Guatemalan court, any dismissal entered by this Court would also be contingent upon Defendant waiving any available statute of limitations defense. *See Magnin*, 91 F.3d at 1430.

Accordingly, based on Defendant's stipulation that it will submit to the jurisdiction of a Guatemalan court,[5] Plaintiffs' failure to dispute Defendant's showing that Guatemala offers "at least some relief,"[6] and the conditions which this Court would attach to any dismissal, the Court finds that Guatemala is an adequate alternate forum.

### 2. Whether The Private Interest Factors Favor Dismissal

Having found Guatemala to be an adequate alternate forum, the Court must weigh the private interest factors against the strong presumption that Plaintiffs' choice of forum ought not to be disturbed. The private interest factors to be considered include:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Gilbert*, 330 U.S. at 508. The most important of the private interests of the litigants "is access to evidence." *Ford*, 319 F.3d at 1308. Plaintiffs contend that this case centers around a conspiracy fomented in, and executed from, the United States, and that Defendant and its co-conspirators' alleged extortion of Plaintiffs at their headquarters in Guatemala City was only a small part of the global criminal enterprise which this action seeks to prove the existence of. The Court disagrees. The only substantive part of Plaintiffs' Complaint concerns an alleged fraud perpetrated in Guatemala, and the only way the United States is implicated at all in this action is through pure speculation that the plan to defraud and extort Plaintiffs must have originated in the United States.

Indeed, the alleged harm suffered in this action was inflicted upon Guatemalan corporations at their headquarters in Guatemala and the allegedly extorted payments were made

---

[5] Which the Court will also include as a condition of this dismissal.
[6] *See* Leon, 251 F.3d at 1311-12.

from Guatemala. Moreover, it seems that the vast bulk of the evidence related to the alleged fraud and extortion is located in Guatemala, including witnesses over whom the Court lacks jurisdiction to compel attendance at trial (and whose presence would come with the steep costs of international travel, in any event). For example, 1) Rodolfo Estuardo Varela Martinez, the attorney who submitted Defendant's "fraudulent" criminal complaint seeking a seizure order from the Guatemalan attorney general, is a Guatemalan attorney located in Guatemala,[7] 2) Juan Carlos Fletes Monroy, the expert whose "fraudulent" declaration Microsoft Guatemala attached in support of its complaint seeking the seizure order in this case, appears to be a Guatemalan citizen and resident,[8] 3) any witnesses to the "raid" itself, during which "Microsoft . . . extort[ed] Plaintiffs by demanding an on the spot agreement to pay US$70,000 or Microsoft would remove all of Plaintiffs' servers containing ALL of the Plaintiffs' data and operational software,"[9] are likely to be located in Guatemala, and 4) any individuals from the Guatemalan attorney general's office who participated in the evaluation of Defendant's criminal complaint, application for seizure order, and the issuance of the seizure order are undoubtedly located in Guatemala. It seems that the only witness located outside of Guatemala who has been identified is Montserrat Duran, BSA's regional director for Latin America, who appears to have sent a letter in support of Defendant's Guatemalan criminal complaint from Washington, D.C. *See* DE 13, Ex. D.

Finally, just as in *Lisa*, the language barrier in this case favors dismissal. *Lisa*, 441 F. Supp. 2d at 1240. While it is certainly possible that some or all of the Guatemalan individuals identified above are fluent English speakers, every piece of documentary evidence attached to the Complaint required the services of a certified translator because everything is in Spanish (and

---

[7] *See* DE 13, Ex. D.
[8] *Id.*
[9] *Id.*, ¶ 37.

this is presumably indicative of any evidence remaining to be discovered in this action). Thus, the additional costs which would flow from trying this action in the United States also weigh in favor of an alternate forum.

The private interest factors are overwhelmingly in favor of dismissal. However, weighing heavily against the private interests identified by this Court is the strong presumption against disturbing Plaintiffs' choice of forum. *See La Seguridad*, 707 F.2d at 1307. Taking the presumption into account, and granting a liberal allowance for any unidentified private interest factors which may weigh against dismissal, the Court concludes that, on balance, the private interest factors are at or near "equipoise." *Id.* Accordingly, the Court must consider "whether or not factors of *public* interest tip the balance in favor of trial in a foreign forum. *Id.*

### 3. Whether The Public Interest Factors Favor Dismissal

With respect to the public interests, the Court must take into account any principles of international comity which are implicated by this action. *See Esfeld*, 289 F.3d at 1313 ("[F]ederal courts necessarily must analyze the interest that the foreign country has in the dispute, an analysis that may raise issues of international comity."). Additionally, the Court must consider the appropriateness of taking on the administrative burden of trying this case in the United States, the rationale behind imposing the burden of jury duty upon members of this community, and the "local interest in having localized controversies decided at home." *Gilbert*, 330 U.S. at 508-09.

The relief requested by Plaintiffs in this case would necessarily require this Court to question and second guess the integrity, viability, and propriety of the Guatemalan justice system. As such, the international comity implications of this action are inescapable. And, if Plaintiffs' allegations are true, and Defendant did, in fact, successfully defraud the Guatemalan

11

justice system, it stands to reason that Guatemala has a paramount interest in the subject of this action. Indeed, Guatemala's "local interest" far exceeds that of the United States: the fraud alleged in the Complaint was perpetrated upon the Guatemalan attorney general's office and courts, and the extortion alleged in the Complaint occurred in Guatemala to major Guatemalan insurance and surety companies, while the United States has no comparable interest. Moreover, as conceded by Plaintiffs, many of Plaintiffs' claims in this action must be decided under Guatemalan law, which also weighs in favor of dismissal.[10] As such, there is little in this case which would support the Court taking on the administrative burden of trying this case, or of placing the burden of trying this case upon jurors of this community who have no connection to, or interest in, the underlying dispute.

Accordingly, the public interest factors are also overwhelmingly in favor of dismissal, and their weight is sufficient to tip the balance in favor of trial in an alternate forum.

### 4. Whether Plaintiffs Can Reinstate This Action In Guatemala

The Court would be remiss in dismissing this action if it did not ensure that Plaintiffs will be able to reinstate this action in the proposed alternate forum. Defendant has already stipulated to the jurisdiction of the alternate forum. However, Plaintiffs argue that they may be unable to reinstate this action because Defendant has not stipulated that it will waive any statute of limitations defenses which may be available to it. Accordingly, to ensure that Plaintiffs can reinstate this action, the Court need only impose the additional condition that Defendant shall waive any available statute of limitations defense.

---

[10] "Although the Court need not make an explicit finding as to which country's law applies, on the basis of the Complaint and the pleadings, and the fact that the fraud occurred in Guatemala, the conduct causing the injury occurred in Guatemala, the domicile, residence, nationality, place of incorporation and place of business of nearly all of the parties is Guatemala, and the place where the relationship between the parties is centered is Guatemala, it is probable that Guatemalan law will apply." Lisa, 441 F. Supp. 2d at 1241.

## V. CONCLUSION

Based on the foregoing analysis, it is apparent to the Court that this action should not be litigated in the United States. Accordingly, upon due consideration, it is **ORDERED, ADJUDGED,** and **DECREED** that Defendant's Motion to Dismiss First Amended Complaint for Damages and Injunctive Relief **(DE 18)** be, and the same is, hereby **GRANTED IN PART**. Plaintiffs' First Amended Complaint **(DE 13)** be, and the same is, hereby **DISMISSED** for *forum non conveniens* without prejudice to Plaintiffs to: 1) reinstate this action in Guatemala within **ninety (90) days** of the date of this order, and 2) to seek reconsideration of this order if Defendant refuses to waive any jurisdictional or statute of limitations defenses which may be available to Defendant under Guatemalan law.

**IT IS FURTHER ORDERED** and **ADJUDGED** that all pending motions are **DENIED AS MOOT** and the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Miami-Dade County, Florida, this 22nd day of July, 2014.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Cc: All counsel of record